940 A.2d 293

IN THE MATTER OF HARRY E. FRANKS, JR., AN ATTORNEY AT LAW.

February 7, 2008.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 07–028, concluding on the record certified to the

Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **HARRY E. FRANKS, JR.,** of **NORTHFIELD,** who was admitted to the bar of this State in 1989, and who has been suspended from the practice of law since January 24, 2007, should be suspended for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed about the status of a matter and communicate with client), *RPC* 1.16(d) (failure to protect properly a client's interest upon termination of services), and *RPC* 8.1(b) and *Rule* 1:20–3(g) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board thereafter having filed with the Court its decision in DRB 07–216 and DRB 07–268, recommending on the record certified to the Board pursuant to *Rule* 1:20–4(f)(default by respondent), that **HARRY E. FRANKS, JR.,** be disbarred for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed about the status of matters), *RPC* 1.16(d) (failure to return unearned retainers), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (misrepresentation);

And **HARRY E. FRANKS, JR.,** having reported through counsel that he would not contest the disbarment recommendation and would not appear on the Orders to Show Cause issued in respect of DRB 07–028, DRB 07–216 and DRB 07–268;

And good cause appearing;

It is ORDERED that **HARRY E. FRANKS, JR.,** be disbarred, effective immediately; and it is further

ORDERED that **HARRY E. FRANKS, JR.,** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by **HARRY E. FRANKS, JR.,** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court,

for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that the entire record of these matters be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of these matters, as provided in *Rule* 1:20–17.